UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**LENDA DE JESUS**
Plaintiff

v.                                                              **CIVIL NO. 04-2373(DRD)**

**LTT CARD SERVICES, INC, et als.,**
Defendants

### ORDER

Pending before the Court is a civil action instituted pursuant to 42 U.S.C. §§ 1983, and 1985 for the alleged deprivation of her civil rights, privileges and/or immunities secured by the Constitution and Laws of the United States of America; 42 U.S.C. § 12117 *et seq.* for the alleged deprivation of her rights secured under the American with Disabilities Act (ADA), 42 U.S.C. § 2000 *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e; Articles 1802 *et seq.* of the Civil Code of Puerto Rico, 31 P.R. Laws Ann. § 5141 *et seq.*; Law 100 of June 30, 1959, as amended, 29 P.R. Laws Ann. § 146 *et seq.*; and for violations of the civil rights guaranteed by the Constitution and Laws of Puerto Rico.  In sum, plaintiff alleges that she was an employee of defendant's during the years of 2001, and 2002.  On April 8, 2002, she verbally announced to defendant that she was pregnant which resulted in "the hostile environment [motivated by her pregnancy and sex which] constituted, among other things, in the creation of false reports and memorandums imputing to [plaintiff] errors and misconduct regarding her job performance" that, in turn, forced her to terminate her employment with defendant. *Complaint*, Docket No. 1 at 3, ¶ 16; at 4, ¶ 19.  She further avers that part of said harassment was subjecting her to the imposition of extraordinary requirements in her work, refusal to grant her advances and promotions gained by her performance, and breaches to defendants' contractual obligations as to her.

Based on those allegations, plaintiff she seeks, to wit: (a) declaratory and injunctive relief; (b) back pay; (c) compensatory damages; (d) economic and punitive damages; and (e) other relief deemed just and proper.

Subsequent to defendants answering the complaint, they proceeded to file a *Motion to Dismiss Because of Lack of Jurisdiction*. (Docket No. 4). Through said motion, defendants argue that the instant case should be dismissed since plaintiff's complaint constitutes, exclusively, a claim for discrimination because of pregnancy which is only actionable under Title VII which, in turn, only allows the filing of suits against employers who are "engaged in an industry affecting commerce who ha[ve] fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." *Motion*, at 1, ¶ 3. Consequently, defendants purport, that the corporate entity L.T.T. Card Services, Inc. cannot be considered an employer under the requirements set forth by Title VII for said corporation did not meet the threshold of fifteen or more employees for each working day in each of twenty or more calendar weeks during 2004 or 2003, the Court, hence, "lacks jurisdiction to entertain the above captioned case." *Motion*, at 2, ¶ 4. Defendants, thus, present a sworn statement rendered by their comptroller, and their payroll for 2004, and 2003. (Docket Nos. 4-1, and 13-1 respectively). Plaintiff, instead of filing an opposition to defendants request for dismissal, filed a *Motion Under Fed.R.Civ.P. 56(f)* wherein she requested the Court afford her an opportunity to either conclude discovery or to perform a limited discovery as to the jurisdictional issue in addition to a twenty day term after said discovery to file her opposition due to her not having any "knowledge of the essential facts in question." *Motion*, Docket No. 9, at 3, ¶ 9. Plaintiff submitted her unsworn statement under penalty of perjury as an attachment to said request, and proceeded to reiterate her request on May 19, 2005 at Docket No. 14.

I. **MOTION TO DISMISS STANDARD R. 12(b)(1)**

It is well established that Federal Courts are courts of limited jurisdiction. Thus, this Court has the responsibility "to police the border of federal jurisdiction". Spielman v. Genzyme Corp, 251 F.3d 1 (1st Cir. 2001). Moreover, "[a]s a general matter, trial courts should give Rule 12(b)(1) motions precedence." Dynamic Image Technologies, Inc. v. U.S., 221 F.3d 34, 37 (1st Cir. 2000). Motions under Rule 12(b)(1) are brought forth to attack two different types of defects: the pleader's failure to comply with Federal Rule of Civil Procedure 8(a)(1)[1] and the Court's actual lack of subject matter jurisdiction – which may exist despite the formal sufficiency of the allegations in the complaint. 5A JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 1350 (2d ed. 1990). When the grounds for a Rule 12(b)(1) motion is the lack of federal question, as the case at bar, the pleader must show that the counterpart's claim does not fall under the category of federal question and is frivolous. That is, "the party invoking the jurisdiction of the federal court carries the burden of proving its existence." Nater v. Riley, 114 F. Supp.2d 17, 19 (D.P.R. 2000). *See also* Murphy v. United States, 45 F.3d 520,522 (1st Cir. 1995); Miller v. Hygrade Food Products, Corp., 89 F. Supp. 2d 643 (E.D. Pa. 2000); Smith v. SSA, 54 F. Supp.2d 451(E.D. Pa. 1999); Kronmuller v. West End Fire Co. No.3, 123 F.R.D. 170 (1988).

Furthermore, even though the factual allegations of the complaint are presumed to be true and the complaint is reviewed to ensure that each element necessary for jurisdiction is present, when the factual allegations of jurisdiction are attacked by a Motion to Dismiss under Rule 12(b)(1), courts are not limited in their review to the mere allegations contained in the complaint. Thus, "the Court, without conversion [to summary judgment], may consider extrinsic material and, to the extent it engages in

---

[1] Failure to comply with Rule 8(a)(1) occurs when the allegations in the complaint are insufficient to show that the federal court has jurisdiction over the subject mater of the case. That is, the complaint is in fact defective and must be dismissed regardless of the actual existence of subject matter jurisdiction unless said deficiency is cured. See Sierra Club v. Shell Oil Co., 817 F.2d 1169 (5th Cir. 1987).

jurisdictional fact finding, is free to test the truthfulness of the plaintiff's allegations." *See* <u>Dynamic Image</u>, 221 F.3d at 37; <u>Halstead v. Motorcycle Safety Foundation, Inc.</u>, 71 F. Supp.2d 464, 468 (E.D. Pa. 1999) ("[A]ny evidence may be reviewed and any factual disputes resolved regarding the allegations giving rise to jurisdiction, since it is for the Court to resolve all factual disputes involving the existence of jurisdiction."). If, and only when, it appears that the non-moving party will not be able to assert a colorable claim of subject matter jurisdiction, may the Motion to Dismiss be granted and the complaint dismissed. *See* <u>Mortensen v. First Federal Savings and Loan Association</u>, 549 F.2d 884 (3d Cir. 1977).

## II. DISCUSSION

In their motion to dismiss, defendants allege that plaintiff' insufficient complaint makes an indisputable showing that the only actionable claim is discrimination because of pregnancy – action which is framed under the provisions of Title VII of the Civil Rights Act of 1964, supra – and fails to state a claim for which relief may be granted under its mandates. Defendants contend that, pursuant to Title VII, an employer under the Act is a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and that they do not comply with said requirement for the Corporation did not have fifteen or more employees for each working day in each of twenty or more calendar weeks during 2004 or 2003. Consequently, defendants fail to meet Title VII's definition as to coverage, and are, hence, exempt from being sued in the instant case.

A. <u>Section 1983, Section 1985 claims:</u>

Plaintiff advances her federal constitutional claims pursuant to 42 U.S.C. §1983. Said statute allows for a federal cause of action against any person who, **while acting under color of state law**, subjects or causes another person to be subjected to the deprivation of any rights privileges, or

immunities secured by the Constitution.  For a plaintiff to succeed on the merits of his or her case, he or she must necessarily first establish that the defendants deprived him or her of a constitutionally or statutorily protected right, and that said defendant acted under color of state law when doing so.  *See* County v. Dodson, 454 U.S. 312, 315, 70 S.Ct. 445 (1981) (noting that, **as a jurisdictional prerequisite** to pursuing a claim under Section 1983, plaintiff must establish that defendant acted under color of state law.); Jordan v. Verizon New England, Inc., No. 05-CV-146-SM, 2005 U.S. Dist. LEXIS 13238 (D.N.H. Jul. 5, 2005); Douglass v. Londonderry School Board, 372 F.Supp.2d 203, 207 (D.N.H. 2005); Rodriguez v. Pfizer Pharms., Inc., 268 F.Supp.2d 144, 146 n.1 (D.P.R. 2003).  Thus, ordinarily, **a federal constitutional violation does not arise when a private citizen acts**.  Id.  In other words, this statutory provision protects individuals against **governmental** action; it does not restrict private citizens, nor is it violated when one private actor deprives another private citizen form the rights and privileges of the Constitution.

Applying said elementary interpretation to the case at bar, there is not a single allegation in the complaint that defendants were acting under color of state law; that is, the employer and/or corporate individual defendants were state actors.  Moreover, it seems clear, on the record as it stands, that not one of these defendants may be properly viewed "as the government" – a state actor – for purposes of this suit.  Consequently, absent state action, defendants' acts cannot be said to have violated plaintiff's rights under Section 1983.  "If there is no state action, then the court may not impose constitutional obligations on (and thus restrict the freedom of) private actors."  Yeo v. Town of Lexington, 131 F.3d 241, 248-49 (1st Cir. 1997) (footnote omitted).  Accordingly, all causes of action pursuant to Section 1983 are hereby **DISMISSED**.

Similar reasoning applies to plaintiff's causes of action under 42 U.S.C. § 1985.  It is clear that the "deprivation clause" of Section 1985 provides for a cause of action against anyone that **conspires**

to deprive any person of the equal protection of the laws, or of equal privileges and immunities under the laws.  Notwithstanding, it is equally clear that, in light of Great American Federal Savings & Loan Ass'n v. Novotny, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979), the deprivation of a right created by Title VII **cannot** be the basis for a cause of action under § 1985." (*Emphasis ours*).  Simply stated, Section 1985 des not provide a cause of action under Title VII.  This holding squarely serves as a direct bar to plaintiff's Section 1985 claim, as she seeks to vindicate her right to be free from pregnancy-based discrimination in the **private** workplace – a right that has been created by Title VII, not by constitutional command.  Id., *see also*, Moran v. GTECH Corp., 989 F.Supp. 84 (D.R.I. 1997).  Moreover, from the clear language of the statute, Section 1985 itself does not create a substantive right, or an independent cause of action against private employers, it merely provides a vehicle for remedying violations of the rights enumerated in said section.  Understandably, then, Section 1985 creates a **limited** cause of action targeting only those conspiracies which deprive victims of **constitutionally** protected rights, privileges, and immunities.  Id.  In simple terms, the instant suit does not state a cognizable claim within the scope of Section 1985 precisely because, first, there is no allegation of conspiracy by defendants to deprive plaintiff of any of her constitutionally protected rights, and, second, because, if there had been such an allegation, because of the nature of the right claimed, said conspiracy could not be found to be aimed at the deprivation of a constitutional right guaranteed against both official and private encroachment.  Since the right asserted by plaintiff herein – to be free from discrimination by a private actor, not a state actor – is born of a statutory enactment, it is not a right to which Section 1985 extends its protection but may be exercised under Title VII, the statute regulating private employers.  Accordingly, plaintiff has also failed to state a claim for which relief may be granted under Section 1985 and, that being so, said claims are **DISMISSED**.

B.      ADA , and Title VII claim:

As has been explained in innumerable occasions, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, is the federal civil rights statute created to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1); *see also* Jacques v. Clean Up Group, 96 F.3d 506, 510 (1st Cir. 1996); Katz v. City Metal Co., 87 F.3d 26, 30 (1st Cir. 1996); Grenier v. Cyanamid Plastics, Inc., 70 F.3d 667, 671 (1st Cir. 1995); Rodriguez, 268 F.Supp.2d at 153. Specifically, in the employment context, said statute prohibits a "covered entity" – which has been defined, as has been delineated for Title VII, as a person engaged in an industry affecting commerce who has fifteen or more employees – from discriminating against an individual who is qualified in regard to job application procedures, hiring, advancement or discharge of employee, compensation, training, and other terms, conditions, and privileges, just because said individual possesses a disability. 42 U.S.C. § 12102(a); Id.

Title VII's statutory definition of "employer" is also "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year[.]" 42 U.S.C. § 2000e(b). Notwithstanding, there has been some disagreement when deciding if the "fifteen employees" requirement is truly a prerequisite to the court's exercise of subject matter jurisdiction or, if not, if it is merely an essential element of plaintiff's cause of action. *See* Curran v. Morrissette, Civil No. 97-547-M, 1999 U.S. Dist. LEXIS 22360 (D.N.H. Jul. 1st, 1999) (*citing* E.E.O.C. v. St. Francis Xavier Parochial School, 326 U.S. App. D.C. 67, 117 F.3d 621, 623-24 (D.C. Cir. 1997) *discussing* the split in the circuits over this issue). The majority of the circuits have treated the question of whether a defendant meets the statutory definition of employer as a **threshold** jurisdictional matter under Title VII, appear to agree that it is, in fact, a jurisdictional matter. *See e.g.* Hukill v. Auto Care, Inc., 192 F.3d 437, 441-42 (4th Cir. 1999); Scarfo v. Ginsberg, 175 F.3d 957, 961 (11th Cir. 1999); Greenless v. Eidenmuller Enters., Inc., 32 F.3d 197,

198 (5th Cir. 1994); Armbruster v. Quinn, 711 F.2d 1332, 1335 (6th Cir. 1983); Baker v. Stuart Breadcasting Co., 560 F.2d 389, 391 (8th Cir. 1997); Curran, 1999 U.S. Dist. LEXIS 22360, *3-4; Hoar v. Prescott Parks Arts Festival, Inc., 39 F.Supp.2d 109, 110-11 (D.N.H. 1997).

Although the First Circuit has yet to address this issue in particular, the District Court for the District of Massachusetts, in Cousin v. Harold, 238 F.Supp.2d 357, 361 (D. Mass. 2002), held that

> the status of [defendant] as a[ Title VII] 'employer' is appropriately resolved in the context of either Rule 12(b)(6) or Rule 56. In making this determination, the court essentially adopts the analysis in Da Silva v. Kinsho Int'l Corp., 229 F.3d 358, 366 (2d Cir. 2000), which led the Second Circuit to conclude that the parallel question under Title VII goes to the merits of a claim, not the court's subject matter jurisdiction.

(*citations omitted*). In *Da Silva*, the Circuit Court concluded that the particular question before it – if defendant had fewer than the fifteen employees necessary to meet the statutory definition of an "employer" as delineated by Title VII – concerned the merits of the action and not the court's subject matter jurisdiction. Da Silva, 229 F.3d at 365-66. Ultimately, the Second Circuit Court concluded in *Da Sivla* that, pursuing an "appropriately limited view of the nature of issues that should determine subject matter jurisdiction, and examining the wording of Title VII's jurisdictional statute," the threshold number of fifteen employees allowing, thus, for the application of Title VII is **not** a jurisdictional issue "at least as long as plaintiff [ ] makes a non-frivolous claim that the defendant is a covered employer." Id. In essence, a defendant's "employer" status "is part and parcel of the elements which a plaintiff must necessarily prove as part of the merits of her claim." Cousin, 238 F.Supp.2d at 362. Thus, a plaintiff that is unable to prove that a defendant is an "employer" within the meaning of Title VII is not really a viable ground for dismissing the case for lack of subject matter jurisdiction, but for defeating the employee's claim on it merits. Accordingly, the Court emphasizes that the inapplicability of Rule 12(b)(1) does not bar defendants from proceeding under Rule 12(b)(6). Consequently, dismissal may be appropriately raised by a defendant if under Fed.R.Civ.P. 12(b)(6) for

failure to state a claim for which relief may be granted.[2]

There is no question, then, that a Title VII defendant striving to defeat a claim on the ground that it lacks fifteen employees is entitled to seek dismissal if the complaint, on its face, shows lack of coverage similar to that coverage under the Fair Labor Standard Act, 29 U.S.C § 201 *et seq.*, or the Labor Management Relations Act, 29 U.S.C. § 141 *et seq.*, that the element of statutory coverage is lacking. That is to say, as was the case in *Da Silva*, plaintiff's claim alleges a violation by an employer that may plausibly be regarded as potentially meeting the fifteen employee requirement due to defendant not having provided the payrolls for the time period plaintiff was under its employ, and the preceding year. Accordingly, the Court, after having found that: 1) the instant case is not subject to dismissal under the Rule 12(b)(1) standard, and 2) it may not proceed to consider said dismissal under the appropriate applicable standard of Rule 12(b)(6) because of defendant's failure to provide its payrolls for the time period plaintiff was under its employ, and the preceding year,[3] defendants' motion to dismiss the ADA claims and the Title VII claims for lack of subject matter jurisdiction is **DENIED WITHOUT PREJUDICE.**[4]

---

[2] Notwithstanding the eloquent analysis of our sister court in *Cousin*, the undersigned understand that the issue is one of coverage under the law. Should there be no coverage as mandated by Congress, the case should be dismissed under the federal statute, but defendants may seek the same remedy under various state laws (Law 17 of April 17, 1931, 29 P.R. Laws Ann. § 176 *et seq.*; Law 69, of July 6, 1985, 29 P.R. Laws Ann. § 1321 *et seq.*; Law 100 of June 30, 1959, 29 P.R. Laws Ann. § 146 *et seq.*)

[3] Throughout the nation, the courts have consistently held that the phrase "current calendar year" for purposes of Section 2000e(b) **refers to the year in which the alleged discriminatory practice took place, and includes the calendar year from January 1st through December 31st**. *See e.g.* Komorowski v. Towline Mini-Mart & Restaurant, 162 F.3d 962, 965 (7th Cir. 1998); Rogers v. Sugar Tree Prods., 7 F.3d 577, 580 (7th Cir. 1993); McGraw v. Warren County Oil Co., 707 F.2d 990, 991 (8th Cir. 1983); Dumas v. Town of Mount Vernon, Alabama, 612 F.2d 974, 979 (5th Cir. 1980); Slack v. Havens, 522 F.2d 1091, 1093 (9th Cir. 1975); Rovira v. N.Y. Apparel Sales, No. 01-CV-2231 (ILG), 2002 U.S. LEXIS 13543, *10 n.6 (E.D.N.Y. May 31, 2002); Lord v. Casco Bay Weekly, Inc., 789 F.Supp. 32, 34 (D.Me. 1992).

[4] Defendants may reinstate the motion by providing the payrolls for 2002 (the year plaintiff stated in her complaint that the alleged discrimination that resulted in plaintiff's separation from employment occurred) and 2001, the preceding year, should the motion be reinstated. Plaintiffs shall then be granted thirty (30) days, **NO EXTENSIONS GRANTED**, to perform limited discovery as to the coverage issue, the number of employees during

### III.  CONCLUSION

For the reasons stated herein, the Court **GRANTS** defendants' motion to dismiss as to the Section 1983, and 1985 claims, and **DENIES** as to the ADA, and Title VII claims.  **Defendant shall provide the Court with certified copies of the payrolls belonging to the time-period during which plaintiff was under its employ and the preceding year ON OR BEFORE MONDAY, AUGUST 15, 2005.  NO EXTENSIONS WILL BE GRANTED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, on this the 9th day of August of 2005.

s/ Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**

---

which the alleged discriminatory practice took place, or the preceding year.