# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LENDA DE JESUS<br>Plaintiff<br><br>v.<br><br>LTT CARD SERVICES, INC, et als.,<br>Defendants | CIVIL NO. 04-2373(DRD) |

## OPINION AND ORDER

Pending before the Court is Defendant's, LTT Card Services, Inc., *Motion for Summary Judgment and Memorandum of Law in its Support* (Docket No. 36), Plaintiff's *Objection to LTT's Renewed "Motion for Summary Judgment and Memorandum of Law in its Support"* (Docket No. 43), and Defendant's *Reply to Plaintiff's Objection to LTT's Renewed Motion for Summary Judgment* (Docket No. 45). For the reasons stated below, Defendant's *Motion for Summary Judgment and Memorandum of Law in its Support* (Docket No. 36), is hereby **GRANTED in part and DENIED in part.**

Pursuant to the First Circuit Court of Appeals' decision in De Jesus v. LTT Card Services, Inc., 474 F. 3d 16 (1st Cir. 2007), Defendants motion for summary judgment should have been denied for failing to comply with the six factor test adopted in Clackamas Gastroenterology Associates, P.C. v. Wells, 538 U.S. 440 (2003). Although the Court inferred that Pagan and Baker were full-time paid workers of LTT who were on the payroll for 52 weeks in 2001

and 2002, the Court stated that "the mere fact that an individual is on the payroll is not necessarily dispositive of his or her status as an employee." *See* De Jesus v. LTT Card Services, Inc., 474 F. 3d 16, 22 (1st Cir. 2007).

The Court stated that although LTT alleged that Pagan and Baker are directors and shareholders of LTT, it failed to provide any evidence. The First Circuit Court further stated that "[e]ven if one were to accept that the spreadsheets submitted were accurate payrolls because [Plaintiff] did not initially oppose this assertion, entry of summary judgment for defendant was not proper... because defendants failed to offer evidence pertaining to the six factors described in *Clackamas*", which the Court determined to be applicable to the instant case. *See* Id., at 24 (*emphasis ours*). For said reason, the Circuit Court vacated the entry of summary judgment in Defendants' favor and remanded the case for further proceedings consistent with the opinion. Notwithstanding, the Court stated that nothing in their opinion and order intended to preclude this Court "from entertaining a properly supported renewed motion for summary judgment." *See* Id.

Defendants have renewed the pending *Motion for Summary Judgment and Memorandum of Law in its Support* (Docket No. 36), including with it, eighteen (18) exhibits. Although Plaintiff timely filed objections to Defendant's motion for summary judgment as well as objections to Defendant's statement of uncontested

facts, Plaintiff's objections to Defendant's statement of uncontested facts fail to comply with Local Rule 56(e).

Pursuant to Local Rule 56(e), of United States District Court for the District of Puerto Rico,

> [f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted. An assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page of paragraph of identified record material supporting the assertion. The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

(*Emphasis ours*).

In <u>Morales v. A.C. Orssleff's EFTF</u>, 246 F. 3d 32, 33 (1st Cir. 2001), the First Circuit Court stated "that 'failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies deeming the facts presented in the movant's statement of undisputed facts admitted.'"(*Quoting* <u>Ruiz Rivera v. Riley</u>, 209 F.3d 24, 28 (1st Cir.2000)). "This 'anti-ferret' rule aims to make the parties organize the evidence rather than leaving the burden upon the district judge." *See* <u>Alsina Ortiz v. Zoe Laboy</u>, 400 F. 3d 77, 80 (1st Cir. 2005).

> We encouraged district courts to adopt "anti-ferreting" rules, which warn parties opposing summary judgment that, to preclude

> judgment as a matter of law, they must identify factual issues buttressed by record citations. "[O]nce so warned," we added, "a party's failure to comply would, where appropriate, be grounds for judgment against that party."

See A.C. Orssleff's EFTF, 246 F. 3d at 33 (*quoting* Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 931 (1st Cir.1983).

In Plaintiffs' *Objection to LTT's Statement of Uncontested Facts* (Docket No. 43), Plaintiff fails to support any of the alleged controverted facts with record citations except part of fact num. 21 at page 6, wherein Plaintiff cites Docket No. 26. Consequently, the Court shall only consider part of fact num. 21, as adequately supported, pursuant to Local Rule 56(e).[1] Furthermore, since the rest of the facts averred in Plaintiff's *Objection to LTT's Statement of Uncontested Facts* (Docket No. 43), are not supported with direct record citations, the Court shall admit all of the uncontested facts averred by Defendants.[2]

---

[1] The Court shall only consider the following fact as being properly supported by Plaintiffs, in accordance with Local Rule 56(e):
> "The plaintiffs know that LTT's salesmen spent a significant amount of time in LTT's premises, LTT provided to them the facilities; they were assigned routes; and earned significant amount of commissions. See Docket No. 26 for the plaintiff's declaration under penalty of perjury regarding these salesmen."

*See* Docket No. 43, pg. 6. Notwithstanding, the Court will determine whether or not this fact is an issue of material fact in controversy, further along in this opinion.

[2] As required in Plaintiff's case, the Court shall only consider those facts which Defendants have supported with specific citations to the record.

4

## II. UNCONTESTED FACTS

Since Plaintiffs failed to properly oppose Defendant's statement of uncontested facts in support of its motion for summary judgment, the Court hereby accepts, as admitted, the following facts as presented by the Defendant:

1. L.T.T. Card Service Inc., was incorporated on January 24,2001 by Jorge L. Pagán, Ibrahim Baker, Josefina Peña. *See* Docket No. 37, Exhibit 2; *see also* Docket No. 43, pg. 1.

2. At all time relevant to the facts alleged in the complaint, L.T.T. Card Service, Inc., had three stockholders, each on a 33.3% basis. They were Jorge L. Pagán, Ibrahim Baker,Vinicio Peña. *See* Docket No. 37, Exhibits 2, 3, 4.

3. At all time relevant to the facts alleged in the complaint, Jorge L. Pagán was the President of L.T.T. Card Service, Inc., and Ibrahim Baker was the Vice-President. Pagán was also the President of the Board of Directors and Baker was the Treasurer of said Board. Furthermore, Jorge Pagan and Ibraham Baker were the top executives in the company, and as such managed and controlled L.T.T. *See* Docket No. 37, Exhibits 2, 3, 4, 5; *see also* Docket No. 1, pg. 2.

4. On September 3 2002, plaintiff filed a Charge of Discrimination in the Antidiscrimination Unit of the Department of Labor in Puerto Rico. *See* Docket No. 37, Exhibit 5.

5

5. In plaintiff's Charge of Discrimination, she declares under penalty of perjury that LTT Card Services, Inc., has fifteen (15) employees. *See* Docket No. 37, Exhibit 5.

6. On January15,2003, the Parties signed an agreement to mediate this case. *See* Docket No. 37, Exhibit 6.

7. On September 16, 2004, the Notice of Right to Sue was issued by the U.S. Equal

Employment Opportunity Commission. *See* Docket No. 37, Exhibit 7.

8. On December 14, 2004 Plaintiff filed the instant case. *See* Docket No. 37, Exhibit 8; *see also* Docket No.1.

9. In Defendant's Answer to the Complaint, it appears as an affirmative defense that this Court lacks jurisdiction over the subject matter in the instant action, because L.T.T. Card Services, is not an employer in accordance to any federal law that may grant jurisdiction. See Docket No. 37, Exhibit 9; *see also* Docket No. 3, pg. 3.

10. Pursuant to L.T.T. Card Service's verified payroll of 2001, L.T.T. Card Services did not have fifteen (15) employees in any week in 2001. If Gada Suleiman is included as an employee, L.T.T. would still only have had fifteen (15) or more employees in only six (6) weeks in 2001 for Title VII purposes. *See* Docket No. 37, Exhibit 10. Defendant's 2001 payroll was verified by Carlos Ruben Vargas Acevedo, L.T.T.'s Comptroller. *See* Id.

11. Pursuant to L.T.T. Card Service's payroll of 2002, L.T.T.

Card Services only had fifteen (15) or more employees in nine (9) weeks. If Gada Suleiman is included as an employee, L.T.T. would have had fifteen (15) or more employees in only fifteen (15) weeks in 2002 for Title VII purposes. *See* Docket No. 37, Exhibit 11. Defendant's 2002 payroll was verified by Carlos Ruben Vargas Acevedo, L.T.T.'s Comptroller. *See* Id.

12. During the summers of 2001 and 2002 L.T.T. Card Service, Inc., recruited Gada Suleiman as a part time clerical employee. Suleiman worked approximately six weeks in each summer. As a part time employee, she only worked thirty (30) hours a week and only during four (4) days in each week. *See* Docket No. 37, Exhibit 12.

13. At all times relevant to the facts alleged in the Complaint, L.T.T. Card Services had the following independent contractors: Robert Olivares, Julio Martinez, Chris Whitley and Dennis Rivera who died in 2004. *See* Docket No. 37, Exhibits 13, 14, 15 and 16.

14. The aforementioned independent contractors performed as salesmen for L.T.T. Card Service, Inc., and as such they were paid a commission for each card they sold. *See* Id.

15. There was no regulation in L.T.T. concerning the services rendered by the independent contractors. Neither was there any requirement providing that they should work exclusively for L.T.T. *See* Id.

16. The independent contractors never signed a written

contract that stated the conditions under which they were to provide services for L.T.T. Card Service, Inc. *See* Id.

17. The persons that were independent contractors of L.T.T. held other jobs while they performed for L.T.T. For example, Chris Whitley worked for Angelyn Charters, Robert Olivares worked for Movistar and other cellular companies, Julio Martinez worked for Isuzu de Caguas and Rosa Brown Consultants. *See* Id.

18. Julio Martinez, Dennis Rivera, Robert Olivares and Chris Whitley never depended from L.T.T. as their only source of income. Services rendered for L.T.T. constituted a small fraction of their working hours during each week. They were allowed to sell phone cards for companies that constituted the competition of L.T.T. *See* Id.

19. Plaintiff stated that she had no knowledge of the essential facts pertaining the requirements to be an employer under Title VII, and that all the information regarding the requirements to be an employer under Title VII of the Civil Rights Act of 1964 was under the sole control of the Defendants. *See* Docket No. 37, Exhibit 17.

### III. SUMMARY JUDGMENT STANDARD

The framework of Fed.R.Civ.P. 56 provides that it is appropriate to enter summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

8

issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). *See* Celotex Corp v. Catrett, 477 U.S. 317, 324-25, 106 S.Ct. 2548, 2553-54 (1986); Abbadessa v. Moore Business Forms, Inc., 987 F.2d 18, 22 (1st Cir. 1993). Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," *and* that he is "entitled to judgment as a matter of law." Vega-Rodriguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997). When the moving party asserts that the competent evidence clearly demonstrates that it is entitled to judgment and after the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortes-Irizarry v. Corporacion Insular, 111 F.3d 184, 187 (1st Cir. 1997).

At the summary judgment stage, the trial court examines the entire record "in the light most flattering to the non-movant and indulges all reasonable inferences in that party's favor. Only if the record, viewed in the manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." Cadle Company v. Hayes, 116 F.3d 957 at 959-60 (1st Cir. 1997). In other words, the court must construe the record and all reasonable inferences from it in favor of the non-movant (the party opposing the summary judgment motion).

9

*See* Suarez v. Pueblo Int'l, Inc._,_ 229 F.3d 49, 53 (1st Cir. 2000); Cortes-Irizarry, 111 F. 3d at 187; *see also* United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Moreover, "[i]f the adverse party does not [file an opposition], summary judgment, **if appropriate**, shall be entered against the adverse party." Fed.R.Civ.P. 56(e) (*emphasis ours*). The First Circuit Court of Appeals has made clear that failure to timely oppose a motion for summary judgment, does not, in itself, justify entry of summary judgment against the party; therefore, a District Court is "obliged to consider the motion on the merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate." Kelly v. United States, 924 F.2d 355, 358 (1st Cir. 1991); *see also* Lopez v. Corporacion Azucarera de Puerto Rico, 938 f.2d 1510, 1517 (1st Cir. 1991) (holding that before granting an unopposed summary judgment motion, the court must inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law). In the case of failure to oppose a motion for summary judgment, the consequence "is that the party may lose the right to file an opposition." *See* Mullen v. St. Paul Fire & Marine Ins. Co., 972 F.2d 446, 451-52 (1st Cir. 1991) (discussing unopposed motion for summary judgment). Finally, **a party that fails to oppose a motion for summary judgment, does so at its own risk and peril**. *See e.g.* Corrada Betances v. Sea-Land Services, Inc., 248 F.3d 40,

43 (1st Cir. 2001); Herbert v. Wicklund, 744 F.2d 218, 233 (1st Cir. 1994). However, notwithstanding that there is no opposition to a summary judgement, the Court must entertain the motion on the merits and may not grant the same as a sanction even for failure to file an opposition. *See* De la Vega v. San Juan Star, 377 F. 3d 111(1st Cir., 2004).

## VI. ANALYSIS

Pursuant to 42 U.S.C.A. §2000e "[t]he term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year...". In order to determine "whether a shareholder-director is an employee", in Clackamas Gastroenterology Assoc., P.C. v. Wells, 538 U.S. 440, 449-451, 123 S.Ct. 1673, 1680-1681, 155 L. Ed. 2d 615 (2003), the United States Supreme Court applied the following six factor test:

> 'Whether the organization can hire or fire the individual or set the rules and regulations of the individual's work
>
> 'Whether and, if so, to what extent the organization supervises the individual's work
>
> 'Whether the individual reports to someone higher in the organization
>
> 'Whether and, if so, to what extent the individual is able to influence the organization
>
> 'Whether the parties intended that the individual be an employee, as expressed in written agreements or contracts

11

> 'Whether the individual shares in the profits, losses, and liabilities of the organization.'"
> ...
>
> As the EEOC's standard reflects, an employer is the person, or group of persons, who owns and manages the enterprise. The employer can hire and fire employees, can assign tasks to employees and supervise their performance, and can decide how the profits and losses of the business are to be distributed. The mere fact that a person has a particular title-such as partner, director, or vice president-should not necessarily be used to determine whether he or she is an employee or a proprietor. See ibid. ("An individual's title ... does not determine whether the individual is a partner, officer, member of a board of directors, or major shareholder, as opposed to an employee"). Nor should the mere existence of a document styled "employment agreement" lead inexorably to the conclusion that either party is an employee. See ibid. (looking to whether "the parties intended that the individual be an employee, as expressed in written agreements or contracts"). Rather, as was true in applying common-law rules to the independent-contractor-versus-employee issue confronted in *Darden*, the answer to whether a shareholder-director is an employee depends on " 'all of the incidents of the relationship ... with no one factor being decisive.'"

See Clackamas, 538 U.S. at 449-451 (*quoting* Nationwide Mut. Ins., Co., v. Darden, 503 U.S. 318, 324, 112 S.Ct. 1334 (1992)(*quoting* N.L.R.B. v. United Ins., Co., of America, 390 U.S. 254, 258, 88 S. Ct. 988 (1968)).

In the instant case it is uncontested that Jorge Pagán and Ibrahim Baker were two of the three people who incorporated, L.T.T. Card Service Inc., *see e.g.,* Docket No. 37, Exhibit 2, *see also* Docket No. 43, pg. 1. It is further uncontested that at all times

relevant to the facts alleged in the complaint, Jorge L. Pagán and Ibrahim Baker, were two of the three stockholders, of L.T.T., each on a 33.3% basis. *See* Docket No. 37, Exhibits 2, 3, 4. Moreover, it is also uncontested that at all time relevant to the facts alleged in the complaint, Jorge L. Pagán was the President/President of the Board of Directors of L.T.T. Card Service, Inc., and that Ibrahim Baker was the Vice-President/Treasurer of the Board of Directors of L.T.T. Card Services. *See* Docket No. 37, Exhibits 2, 3, 4, 5; *see also* Docket No. 1, pg. 2. Finally, it is uncontested that Jorge Pagan and Ibraham Baker were the top executives in the company, and as such managed and controlled L.T.T. *See* Id.

After reviewing the aforementioned uncontested facts as well as the evidence presented, the Court finds that after applying the six factor test followed in Clackamas, Jorge Pagan and Ibrahim Baker are not to be considered as employees of L.T.T. Card Services for Title VII purposes. It is patently clear, that there is no other employee or authority at a higher position than Jorge Pagan or Ibrahim Baker that they had to report to, or any one in L.T.T., that could have hired or fired them, or set the rules and regulations of their work, or supervise their work. It is evident that as President/President of L.T.T.'s Board of Directors and Vice-President/Treasurer of L.T.T.'s Board of Directors, Jorge Pagan and Ibrahim Baker were the top executives in the company, and

13

as such managed and had the sole control of L.T.T. Furthermore, there are no written documents or agreements showing that Jorge Pagan and Ibrahim Baker intended to be regular employees of L.T.T., and even if the Court inferred, as did the Circuit Court that Pagan and Baker were full time workers of L.T.T., during 2001 and 2002 for payroll purposes, the Circuit Court also stated that, "the mere fact that an individual is on the payroll is not necessarily dispositive of his or her status as an employee." *See* LTT Card Services, Inc., 474 F. 3d at 22. Finally, the Court finds that since Jorge L. Pagán and Ibrahim Baker, were two of the three stockholders, of L.T.T., each on a 33.3% basis, thereby holding 66.6% of the shares of the corporation, they shared the brunt of the profits, losses, and liabilities of the organization.

Regarding Gada Suleiman, the Court finds that there is no need to decide whether or no she should be considered as an employee of L.T.T., because even if the Court assumes for summary judgement purposes that she is to be considered and L.T.T. employee, in 2001 L.T.T., would still only have had fifteen (15) or more employees in only six (6) weeks and in 2002 fifteen (15) or more employees in only fifteen (15) weeks for Title VII purposes. *See* Docket No. 37, Exhibit 11, 12. Furthermore, its uncontested that Gada Suleiman was recruited by L.T.T., during the summers of 2001 and 2002 as a part time clerical employee, who worked approximately six weeks in each summer. *See* Docket No. 37, Exhibit 12. In other words, LTT did not

14

have an employee relationship with Gada Suleiman for 20 or more calendar weeks during the years 2001 and 2002. *See* Thurber v. Jack Reilly's, Inc., 717 F. 2d 633, 634-635 (1st Cir. 1983). It is further uncontested that as a part time employee, she only worked thirty (30) hours a week and only during four (4) days in each week. *See* Id.

Finally, as to whether or not Roberto Oliveras, Julio Martinez, Denis Rivera, and Chris Whitley, were employees of LTT for Tilte VII purposes or independent contractors, the Court has found an issue of material fact, that preempts summary judgment as to said issue. In Defendants *Statement of Uncontested Facts* (Docket No. 37), it is averred in fact number 24, that in Plaintiff's *Urgent Motion for Reconsideration* (Docket No. 26), Plaintiff stated that Robert Olivares, Julio Martinez, Denis Rivera, and Chirs Whitley, worked on a full time basis for L.T.T., that they worked under the entire control of L.T.T., were economically dependent on L.T.T. and were part of L.T.T.'s business. Furthermore, Defendant stated that said averment was supported by an Unsworn Statement Under Penalty of Perjury, wherein Plaintiff stated that the facts and events stated in said motion for reconsideration were correct. Although the Defendant included said fact in order to show that Plaintiff had contradicted herself in said motion, the Court finds that said statement is not a contradiction as Defendant alleges. Instead, the Court finds that Defendants have inadvertently pointed

15

out an issue of material fact in controversy. Although the Court finds that Defendant's fact number 24, at Docket No. 37, creates a controversy of material fact all by itself, Plaintiff adds weight to said issue by properly supporting with the record, part of fact number 21, in its *Objection to LTT's Statement of Uncontested Facts* (Docket No. 43), wherein it is stated that "[t]he plaintiffs know that LTT's salesmen spent a significant amount of time in LTT's premises, LTT provided to them the facilities; they were assigned routes; and earned significant amount of commissions."(*Emphasis ours*).

## V. CONCLUSION

In conclusion, Defendant's motion for summary judgment as to Jorge Pagán, Ibrahim Baker and Gada Suleiman is hereby **GRANTED**. Notwithstanding, Defendant's motion for summary judgment as to the alleged independent contractors, Roberto Oliveras, Julio Martinez, Denis Rivera, and Chris Whitley, is hereby **DENIED**. Consequently, Defendant's *Motion for Summary Judgment and Memorandum of Law in its Support* (Docket No. 36), is hereby **GRANTED in part and DENIED in part.**

The parties are to inform the Court, on or before **April 15, 2008,** whether the independent contractors issue is to be decided by the Jury or by the Court via summary judgment, since "[t]he Supreme Court has since decided that the 15-employee requirement is not jurisdictional, but an element of plaintiff's claim for relief."

16

*See* LTT Card Services, Inc., 474 F. 3d at 19 (*emphasis ours*)(*citing* Arbaugh v. Y & H Corp., 546 U.S. 500, 126 S.Ct. 1235, 1245, 163 L.Ed.2d 1097 (2006)).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of March 2008.

                              S/ DANIEL R. DOMINGUEZ
                                 DANIEL R. DOMINGUEZ
                                 U.S. District Judge